DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Joseph Stiggers, Jr., appeals from his conviction in the Summit County Court of Common Pleas. We affirm.
On December 1, 1999, in the afternoon, Autumn Williams held a birthday party for her son at her home in Akron, Ohio. Mr. Stiggers gave his girlfriend, Tenisha Tyler, and her children a ride to the party and arrived at approximately 3:30 p.m. There, he was introduced to Ms. Williams. Apparently, Ms. Williams wanted to purchase some marijuana from Mr. Stiggers, so Mr. Stiggers left the party and returned shortly thereafter with some marijuana. When she paid him for the drugs, she pulled out a roll of cash in front of Mr. Stiggers, totaling approximately $280. Ms. Williams testified that while Mr. Stiggers was at her home, he viewed all of her electronics, including her two VCRs and her son's Sony Playstation. She also noted that he used her bathroom for an unusually long period of time. He then left Ms. Williams' residence.
Ms. Williams admitted to consuming both marijuana and alcoholic beverages with her girlfriends during the party. The party ended at around 11:00 p.m. and Ms. Williams' son went to sleepover at a friend's house. At approximately 11:30 p.m., Mr. Stiggers returned to pick up Ms. Tyler and her children and drive them home. At that time, Ms. Williams was sleeping in her bedroom, so Ms. Tyler locked the door as she left, being the last guest to leave. According to Ms. Williams, she woke up and saw a man at the foot of her bed. She told him to leave, and he left the bedroom. When she went to the hallway to see if he had gone, he attacked her, beating her in the chest area with his fists. He then went to the kitchen. She heard him rummaging through her silverware drawer and believed that he was searching for a knife to kill her, so she immediately ran out of the house and began banging on a neighbor's door. Because the neighbor did not recognize her, the neighbor refused to let her in. Consequently, Ms. Williams attempted to flag down a passing motorist, but as no one would help her, she ran to her friend's house a few blocks away. Both the neighbor and Ms. Williams' friend called the police.
When the police arrived, Ms. Williams told them that her attacker was Ms. Tyler's boyfriend, "Joe," and gave them a description of him. According to Officer Jeffrey Edsall of the City of Akron Police Department, Ms. Williams told him that she got a good look at the perpetrator, while he was attacking her. Later, Ms. Williams identified Mr. Stiggers as her attacker from a photo array of individuals with similar physical characteristics. Ms. Williams also told the police that when she returned to her residence and attempted to figure out what was stolen, she noticed that her bathroom window, which she kept locked, was ajar.
As a result of the attack, Ms. Williams suffered multiple bruises to her breast area and had difficulty breathing. She sought medical treatment at Akron City Hospital. Her cash and her son's Sony Playstation were among the items stolen from her home. Her two VCRs were found on the porch. On December 8, 1999, Detective Darrell Parnell of the City of Akron Police Department located and arrested Mr. Stiggers.
At trial, there was conflicting testimony as to Mr. Stiggers' whereabouts between the time he left the Williams residence and the time he arrived at the home of Iola Jackson, also a girlfriend of Mr. Stiggers, at approximately 12:55 a.m.
On December 16, 1999, the Summit County Grand Jury indicted Mr. Stiggers on one count of aggravated burglary, in violation of R.C.2911.11(A)(1), and one count of possession of marijuana, in violation of R.C. 2925.11(A). On January 19, 2000, Mr. Stiggers filed a notice of alibi with the court. Subsequently, a jury trial was held, commencing on February 15, 2000. In a verdict journalized on February 28, 2000, the jury found Mr. Stiggers guilty of the charges contained in the indictment. He was sentenced accordingly. This appeal followed.
Mr. Stiggers asserts a single assignment of error:
 THE JUDGMENT OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Mr. Stiggers avers that his conviction for aggravated burglary was against the manifest weight of the evidence.[1] Specifically, he argues that the weight of the evidence established that Mr. Stiggers was elsewhere when the burglary occurred and that Autumn Williams' identification of him as the perpetrator was confused, and therefore, unreliable. We disagree.
When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id
Mr. Stiggers was found guilty of aggravated burglary, in violation of R.C. 2911.11, which states in relevant part:
 (A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:
 (1) The offender inflicts, or attempts or threatens to inflict physical harm on another[.]
In the present case, Ms. Williams testified that in the early morning hours of December 2, 1999, she awoke to a man standing at the foot of her bed in her home and was violently attacked by him. She immediately identified Mr. Stiggers as her attacker to the police and later identified him as the perpetrator out of a photo array of individuals with similar physical characteristics. Ms. Williams noted that her cash, the Sony Playstation, as well as other items were stolen from her home.
Mr. Stiggers argues that his conviction should be reversed because the state's estimated timeline conflicts with Ms. Williams' testimony as to when the attack occurred; however, it is understandable that Ms. Williams, who awoke to an intruder in her house and was subsequently attacked by him, may not have noted the exact time. Mr. Stiggers further avers that the state's timeline does not accurately reflect the testimony adduced at trial; however, there was conflicting testimony as to the actual timing of events and the jury was free to believe or disbelieve any of the testimony adduced at trial. Significantly, the jury chose to believe Ms. Williams' version of the events.
After thoroughly reviewing the record, we conclude that Mr. Stiggers' conviction for aggravated burglary was not against the manifest weight of the evidence. Accordingly, Mr. Stiggers' assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
SLABY, J. WHITMORE, J. CONCUR
[1] Mr. Stiggers does not challenge his conviction for possession of marijuana as being against the manifest weight of the evidence.